WILLIAM RAGON v. THE TOLEDO, ANN ARBOR & NORTH MICHIGAN RAILWAY COMPANY.

*Railroad companies—Dangerous premises—Injury to employé—Assumption of risk.*

1. It is not the rule that a railroad company owes no duty to its employés respecting the road-bed of its side tracks, nor is a dangerous hole in the bed of a side-track necessarily a risk which they assume.

2. Employés may be chargeable with knowledge that side tracks are not always perfect; that they are sometimes constructed over ditches or gullies, and are not always ballasted with the same care that main tracks usually are; but railroad companies owe it to their employés to protect them from unnecessary and dangerous pitfalls and unusual conditions.

Error to Shiawassee.   (Newton, J.)   Argued March 3, 1892.   Decided April 15, 1892.

Negligence case. Defendant brings error from order overruling demurrer. Affirmed, and record remanded for further proceedings. The facts are stated in the opinion.

*Lyon & Hackleman,* for appellant, contended:

1. A railroad company owes no duty to its employés to make its side tracks perfect, and the risk of such imperfections is one of the risks of the business; citing *Railroad Co. v. Austin,* 40 Mich. 247; *Batterson v. Railroad Co.,* 53 Id. 125; *O'Donnell v. Railway Co.,* 89 Id. 174.

2. An employé assumes all of the risks and perils usually incident to the employment, among which are those which it is his duty to take knowledge of by observation, and negligence in a servant may consist in failing to know as well as in failing to do; citing *Brewer v. Railway Co.,* 56 Mich. 620; *Gardner v. Railroad Co.,* 58 Id. 584; *Goulin v. Bridge Co.,* 64 Id. 190; *Hewitt v. Railroad Co.,* 67 Id. 61; *Illick v. Railroad Co.,* Id. 638; *Karrer v. Railway Co.,* 76 Id 400; *Tuttle v. Railway Co.,* 122 U. S. 189.

*Watson & Chapman,* for plaintiff, contended:

1. It is the duty of a railroad company to use reasonable care in the proper construction of its road and side tracks; citing *Hewitt v. Railroad Co.,* 67 Mich. 61.

2. It is the duty of the master to keep his premises necessarily used in the prosecution of his business in a reasonably safe condition, and if he fails to do so he is liable to the servant for all injuries resulting to him from such defects, precisely the same as he would be to a stranger affected with the same knowledge of their condition that the servant has; citing Wood, Mast. & S. (2d ed.) § 334; *Snow v. Railroad Co.,* 8 Allen, 441.

3. Trackmen are not fellow-servants of brakemen; citing *Harrison v. Railroad Co.,* 79 Mich. 409.

McGRATH, J. This is an action for injuries received by a brakeman of a freight train while switching some cars at a way station, by reason of the defective condition of the road-bed of the side track.

Defendant demurred generally to plaintiff's declaration, and the demurrer was overruled. The declaration sets

forth that, at the point where it became necessary for plaintiff to step between the rails in order to uncouple a car, there existed a deep hole or rut; that plaintiff did not see the same, but stepped into it, was thrown down, and run over.

The defendant contends that a railroad company owes no duty to its employés to make its side tracks perfect; that the risk of such imperfections was one of the risks of the business; that it was the duty of the plaintiff to take notice of imperfections; and that, the defect in the road-bed having existed for some time, it must have been frequently seen, and could have been readily observed if plaintiff had used care.

Employés may be chargeable with knowledge that side tracks are not always perfect; that they are sometimes constructed over ditches or gullies, and are not always ballasted with the same care that main tracks usually are; but railroad companies owe it to their employés to protect them from unnecessary and dangerous pitfalls and unusual conditions. The injury here occurred at a way station. It does not appear how long plaintiff had been in defendant's employ, or that he ever saw the station, track, or side track before that time. It was his duty to use care, and to exercise a higher degree of care if the place was strange, or if upon a side track; but it is not the rule that a railroad company owes no duty to its employés respecting the road-bed of its side tracks, nor is a dangerous hole in the bed of a side track necessarily a risk which employés assume.

The judgment is affirmed, and the record remanded for further proceedings, with costs of this Court to plaintiff.

The other Justices concurred.